

FILED
MAY -2 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NANCY A. HARRISON )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A. )<br>by and through its Short Term )<br>Disability Appeal Committee )<br>Serve:    Corporation Service Company )<br>              Registered Agent )<br>              Bank of America Center, 16th Floor )<br>              1111 East Main Street )<br>              Richmond, VA 23219 )<br>)<br>and )<br>)<br>WELLS FARGO AND COMPANY )<br>DISABILITY PLAN )<br>Serve:    Wells Fargo Bank N.A., as Plan )<br>              Administrator for the Wells )<br>              Fargo And Company Disability Plan )<br>              Corporation Service Company )<br>              Registered Agent )<br>              Bank of America Center, 16th Floor )<br>              1111 East Main Street )<br>              Richmond, VA 23219 )<br>)<br>     Defendant. ) | Civil Action No.: 3:13CV279 |

## COMPLAINT

Plaintiff Nancy A. Harrison ("Harrison" or "Plaintiff"), by counsel, states as follows as her Complaint against defendants Wells Fargo Bank, N.A., by and through its Short-Term Disability Appeals Committee ("Wells Fargo," the "Company," or "Defendant"), and the Wells Fargo And Company Disability Plan (the "Plan").

1

## NATURE OF ACTION

1. This is an ERISA[1] denial-of-benefits case. In brief, Harrison, based on severe chest pain and related thyroid problems, filed a claim for short-term disability ("STD") benefits under the Plan. Wells Fargo initially paid such benefits but then concluded that Harrison had fully recovered from her problems as of September 10, 2011. Harrison twice appealed the denial decision, but the Company upheld it by letter dated May 4, 2012. As explained herein, the denial decision is incorrect, wrong, an abuse of discretion, arbitrary and capricious, and otherwise unreasonable. Harrison now brings this action to hold Wells Fargo and the Plan liable for this wrongful denial of benefits.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. Venue is proper in this district and division pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions giving rise to the claims herein occurred.

## PARTIES

4. Plaintiff is an individual resident of Warsaw, Virginia. At all relevant times herein, Harrison is, was, and has been, a participant in the Plan as defined under § 1002(7) of ERISA.

5. The Plan is an employee welfare benefit plan, as defined under § 1002(1) of ERISA, and, as such, is governed by ERISA. The Plan's official name is the Wells Fargo And Company Disability Plan.

---

[1] "ERISA" refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

6. Wells Fargo, upon information and belief, is a Delaware corporation with its principal place of business in Sioux Falls, South Dakota.

7. Wells Fargo is the Plan Sponsor and, upon information and belief, funds the Plan with its own funds. In other words, the benefits under the Plan come directly from the corporate coffers of Wells Fargo.

8. Additionally, although the Plan designates Liberty Life Assurance Company of Boston ("Liberty Mutual") as its benefits administrator, it designates Wells Fargo, by and through, among others, the Company's Short Term Disability Appeal Committee, as the formal Plan administrator and also makes Wells Fargo, by and through its Short Term Disability Appeal Committee, the final decision-maker in the claims appeal process. As such, at all relevant times herein, Wells Fargo, by and through its Short Term Disability Appeal Committee, is, and has been, the plan administrator, the claims administrator, and the claims fiduciary, as those terms are defined under §§ 1002(16) and (21) of ERISA respectively, for the Plan. In its capacities as the plan and claims administrator and the claims fiduciary for the Plan, Wells Fargo made, or is otherwise legally responsible for, the decisions at issue in this suit.

## FACTS

9. At all relevant times prior to May 2011, Harrison worked as an online customer sales representative for Wells Fargo.

10. On or around May 11, 2011, Harrison went to the emergency room, where she was admitted overnight, due to severe chest pain. At that time, doctors discovered that Harrison had an enlarged thyroid mass. Among other things, the mass caused significant tracheal compression and extended into Harrison's chest cavity.

11. On or around June 9, 2011, Harrison underwent a bronchoscopy, where it was

discovered that the mass at issue was purely thyroid tissue.

12. At that time, on or around June 9, 2011, Harrison left work and became disabled and/or otherwise entitled to STD benefits pursuant to the terms of the Plan.

13. Thereafter, Harrison remained out of work, continued to seek treatment for her thyroid mass, and ultimately underwent a thyroidectomy on August 17, 2011. The thyroidectomy was successful in removing Harrison's thyroid, but the additional mass in Harrison's chest cavity was not removed at that time.

14. After recovering from the thyroidectomy, but while still suffering from significant chest pain and other symptoms, Harrison underwent a sternotomy on October 31, 2011, where the remaining mass was successfully removed from her chest cavity.

15. Even so, Harrison remained physically disabled, particularly through December 2011.

16. Harrison also suffered from disabling psychological and mental disorders during this time period, especially related to anxiety.

17. Despite Harrison's continued physical and mental disabling conditions, Wells Fargo, through Liberty Mutual (by letter dated September 16, 2011), terminated her claim for STD benefits under the Plan as of September 10, 2011.

18. Harrison timely appealed the denial decision but Wells Fargo, again through Liberty Mutual (by letter dated November 28, 2011), upheld its decision.

19. Harrison requested a final review by Wells Fargo but again, this time through the Wells Fargo Short Term Disability Appeal Committee, the Company (by letter dated May 4, 2012) upheld the denial.

20. The denial of Harrison's claim for continued STD benefits impacts not only her

claim for STD benefits but also any related claim for long-term disability ("LTD") benefits under the Plan. Specifically, by denying Harrison's claim for continuing STD benefits, Wells Fargo has precluded Harrison from claiming such LTD benefits under the Plan. This is significant because Harrison remains unable to perform the essential functions of her job and/or occupation because of a disabling medical condition and thus, would have otherwise qualified for LTD benefits if her STD claim had been properly extended.

21. This litigation is appropriate under ERISA because to the extent applicable, Harrison has exhausted all of her administrative remedies related to her claim in this case.

22. This litigation also is timely filed within the deadlines set forth in the Plan and the applicable statutes of limitations.

## COUNT I:
### ENFORCE AND CLARIFY RIGHT TO BENEFITS (29 U.S.C. § 1132(a)(1)(B))
### (AGAINST BOTH DEFENDANTS)

23. The allegations of paragraphs 1-22 are realleged as if fully set forth herein.

24. As is clear from the allegations stated herein, Harrison made a timely, proper and meritorious claim for continued STD benefits under the Plan.

25. Despite the meritorious nature of Harrison's claim, Wells Fargo wrongfully denied her claim for continued STD benefits under the Plan.

26. Wells Fargo's denial decision should be overturned. As Harrison has explained herein and in her submissions to Wells Fargo and Liberty Mutual, the denial decision is wrong, incorrect, improper, unlawful, contrary to the plain language of the Plan, an abuse of discretion, arbitrary and capricious, and otherwise violative of ERISA.

27. As such, this Court should award Harrison continued STD benefits under the Plan from September 11, 2011 through the completion of the STD benefit period under the Plan. This

Court should also order the Plan and Wells Fargo to process a claim by Harrison for LTD benefits.

28. Finally, the Court should award Harrison her attorney's fees and all other appropriate relief under ERISA, as requested below, for having to litigate this particular issue in this lawsuit.

29. The administrative process applicable to Harrison's claim has been exhausted and Harrison's claim is ripe for judicial review in this Court.

### COUNT II:
### REQUEST FOR FULL AND FAIR REVIEW UNDER ERISA
### (REQUEST FOR REMAND – IN THE ALTERNATIVE)
### (AGAINST BOTH DEFENDANTS)

30. The allegations of paragraphs 1-29 are realleged as if fully set forth herein.

31. For purposes of this Count, Harrison requests that the Court hold that Wells Fargo's denial decision as to her claim for continued STD benefits was wrong, incorrect, improper, unlawful, contrary to the plain language of the Plan, an abuse of discretion, arbitrary and capricious, and otherwise violative of ERISA.

32. For purposes of this Court, in the event that the Court cannot conclude based on the present administrative record that Harrison is entitled to STD benefits, then she requests, as an alternative remedy, that the Court remand the claim back to Wells Fargo for further review constituent with the full and fair review requirements of ERISA.

33. The Court should also award Harrison her attorney's fees and all other appropriate relief under ERISA, as requested below, for having to litigate this particular issue in this lawsuit.

34. The administrative process applicable to Harrison's claim has been exhausted and Harrison's claim is ripe for judicial review in this Court.

WHEREFORE, Plaintiff requests this Honorable Court to order, adjudge, declare and decree that:

(a) Wells Fargo's denial of Harrison's claim for continued SDT benefits under the Plan was incorrect, wrong, unreasonable, arbitrary, capricious and an abuse of discretion;

(b) Harrison is entitled to continued STD benefits under the Plan from September 11, 2011 through the end of the STD period under the Plan;

(c) Wells Fargo shall process a claim by Harrison for LTD benefits under the Plan;

(d) Alternatively, Harrison's claim for STD benefits should be remanded to Wells Fargo for further review constituent with the "full and fair review" requirements of ERISA;

(e) Harrison be awarded pre-judgment interest;

(f) Harrison be awarded post-judgment interest;

(g) Harrison be awarded costs;

(h) Harrison be awarded attorney's fees associated with this lawsuit; and

(i) Harrison be awarded all such other further and appropriate equitable relief.

Respectfully submitted,

NANCY A. HARRISON

By _____
Of Counsel

Richard F. Hawkins, III (VSB #40666)
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
rhawkins@thehawkinslawfirm.net

Counsel for Plaintiff